United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 30, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20676
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EULALIO MORENO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-235-1
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Eulalio Moreno appeals the sentence imposed following his guilty plea conviction of possession of counterfeit United States currency (count 1) and possession of a firearm by a felon convicted of three or more previous violent felonies (count 2). Moreno was sentenced to concurrent 235-month terms of imprisonment and to a three-year period of supervised release for Count 1 and to a concurrent five-year period of supervised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

release for Count 2. The district court also ordered Moreno to pay concurrent $3,000 fines.

Moreno contends that the district court committed both types of error addressed in United States v. Booker, 543 U.S. 220 (2005). Specifically, Moreno complains of a Sixth Amendment violation because the district court determined facts in imposing Chapter 4 enhancements and that the district court committed a so-called Fanfan violation in sentencing him pursuant to the then-mandatory Sentencing Guidelines.

Because Moreno preserved error in the district court by asserting an objection based upon Blakely v. Washington, 542 U.S. 296 (2004), we review these issues for harmless error. See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005).

The district court erred in sentencing Moreno pursuant to the mandatory Sentencing Guidelines. See United States v. Woods, 440 F.3d 255, 257 (5th Cir. 2006); see also United States v. Garza-Lopez, 410 F.3d 268, 275 n.2 (5th Cir.) (when vacating a sentence due to a misapplication of the then-mandatory guidelines, it is not necessary to address a Sixth Amendment claim), cert. denied, 126 S. Ct. 298 (2005). Because the error was preserved, the Government bears the "heavy burden" of showing that the error is harmless. See Woods, 440 F.3d at 257-59. A sentence at the top of the guideline range is not sufficient, without more, to show that Booker error was harmless. See id. at 258. Nor is the fact that the district court narrowly refused an

upward departure from the guideline range.  See id. at 260-61. The district court's stated reasons do not reveal whether the district court would have imposed the same sentence under an advisory guidelines regime.  See id. at 261.  Because the Government cannot carry its burden of showing harmless error, the sentence must be vacated and the case remanded for resentencing. See id. at 261-62.  We do not reach Moreno's contention that the district court erred in determining that he is an "armed career criminal."  See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

VACATED AND REMANDED for Resentencing.