United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2007

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51291

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER ERIC JENKINS,

Defendant-Appellant.

---

On Appeal from the United States District Court
for the Western District of Texas

---

Before JONES, Chief Judge, and BENAVIDES and STEWART, Circuit
Judges.

EDITH H. JONES, Chief Judge:

Christopher Eric Jenkins pled guilty to possession with
intent to distribute marijuana in violation of 21 U.S.C.
§ 841(a)(1), (b)(1)(B)(vii) and was sentenced to 120 months
imprisonment.  He challenges his sentence, arguing that the court
failed to follow the procedures set forth in 21 U.S.C. § 851,
violated Shepard v. United States, 544 U.S. 13, 125 S. Ct. 1254
(2005), by relying on the PSR's characterization of his prior
offenses, and clearly erred by denying a sentence reduction for his
minor role in the offense.  Finding no reversible error, we AFFIRM.

**I.  BACKGROUND**

After being apprehended while transporting 165 kilograms of marijuana, Jenkins pled guilty in June 2005 to possession with intent to distribute without the benefit of a plea agreement. The government's information, filed pursuant to 21 U.S.C. § 851, sought a sentencing enhancement because Jenkins had previously been convicted of three felony drug offenses. The PSR calculated Jenkins's total offense level at twenty-three after three levels were subtracted for acceptance of responsibility. Jenkins's criminal history category of VI provided a guideline range of 92 to 115 months imprisonment; however, the mandatory minimum term based on the enhancement for a prior felony offense was ten years. See 21 U.S.C. § 841(b)(1)(B). Addressing the court at his sentencing hearing, Jenkins objected to the enhancement because "[i]t was $10 worth of drugs on two occasions — two separate <u>felonies</u>, and those were the two that were used to enhance me, 10 to life." (emphasis added). The district court rejected Jenkins's request for a downward adjustment based on his minor role in the offense and sentenced him in September 2005 to 120 months imprisonment and eight years of supervised release. Jenkins now appeals his sentence.

## II. DISCUSSION

### A. 21 U.S.C. § 851

Jenkins argues that the district court failed to follow the procedures set forth in 21 U.S.C. § 851. If the government

2

files an information to establish a defendant's prior convictions, section 851(b) requires the sentencing court to

> inquire of the person with respect to whom the information was filed whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence.

Id.

Because Jenkins concedes that he did not object to this error before the district court, we review for plain error only. See United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005) (per curiam). Plain error exists when: "(1) there was error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." Id. If these three conditions are met, the court may exercise its discretion to recognize the error "only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 358-59.

Jenkins is correct that the court failed to strictly follow § 851, but the error did not affect his substantial rights. Section 851(e)'s statute of limitations prevents a defendant from challenging "the validity of any prior conviction . . . which occurred more than five years before the date of the information alleging such prior conviction." The government filed its information on June 7, 2005, and Jenkins's prior felony convictions were on February 24, 1994, November 6, 1998, and May 4, 2001.

3

Because the statute of limitations would have prevented Jenkins from challenging the 1994 and 1998 felony convictions, any error committed by the district court was harmless. See United States v. Fragoso, 978 F.2d 896, 902-03 (5th Cir. 1992); United States v. Nanez, 694 F.2d 405, 412-13 (5th Cir. 1982). Further, Jenkins admitted at sentencing that his prior convictions were felonies and never revealed what challenges he was prepared to make to his prior convictions. See § 851(c)(1); United States v. Thomas, 348 F.3d 78, 88 (5th Cir. 2003); United States v. Majors, 328 F.3d 791, 797 (5th Cir. 2003) (per curiam); Fragoso, 978 F.2d at 903.

## B.  Shepard Violation

Jenkins next contends that the district court violated Shepard v. United States by relying on the PSR's characterization of his prior offenses for enhancement purposes. Because Jenkins did not specifically object to the district court's consideration of the PSR, we also review this issue for plain error. See Villegas, 404 F.3d at 358.

The Supreme Court held in Shepard that a sentencing court is "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." 544 U.S. at 16, 125 S. Ct. at 1257. Interpreting Shepard, this court holds that a district court errs when it solely relies upon the PSR's characterization of a

4

defendant's prior offenses for enhancement purposes. See United States v. Garza-Lopez, 410 F.3d 268, 274 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005); see also United States v. Ochoa-Cruz, 442 F.3d 865, 867 (5th Cir. 2006) (per curiam). Although the PSR characterized Jenkins's prior convictions as felonies, the record is silent regarding whether the court examined any supporting documents.

Nevertheless, the district court had the benefit of Jenkins's own characterization of his prior offenses. Jenkins admitted at sentencing that his prior convictions were for "two separate felonies." That admission was sufficient for the district court to conclude that Jenkins's prior convictions were felonies without regard to the categorical approach for sentence enhancements. See id. (citing Taylor v. United States, 495 U.S. 575, 110 S. Ct. 2143 (1990)). Thus, when a defendant admits before a sentencing court that his prior convictions are felonies, the court may rely upon his characterization of the offenses without violating Shepard or Taylor. See Shepard, 544 U.S. 13, 16, 125 S. Ct. 1254, 1257 (2005) (courts may examine transcript of plea colloquy); see also United States v. Martinez-Vega, 471 F.3d 559, 563 & n.3 (5th Cir. 2006) (reliance on PSR is error but reliance on defendant's admission of facts within the PSR is not); United States v. White, 465 F.3d 250, 254 (5th Cir. 2006) (per curiam), cert. denied, 127 S. Ct. 1167 (2007) ("district court can use all facts admitted by the defendant in ascertaining the basis of a

5

prior conviction for enhancement purposes" (internal quotation marks omitted)); <u>United States v. Mendoza-Sanchez</u>, 456 F.3d 479, 483 (5th Cir. 2006) (per curiam) ("district court can use all facts admitted by the defendant in determining whether the prior conviction qualifies as an enumerated offense under § 2L1.2"). The district court did not err by apparently relying on Jenkins's admission at sentencing. <u>See</u> <u>Martinez-Vega</u>, 471 F.3d at 563 & n.3 (5th Cir. 2006); <u>Ochoa-Cruz</u>, 442 F.3d at 867.

In addition, Jenkins has not asserted or demonstrated on appeal that his prior convictions are not felonies. His failure to show that the enhancement was wrong affords another reason why Jenkins cannot meet his burden under plain-error review. <u>See</u> <u>Ochoa-Cruz</u>, 442 F.3d at 867; <u>see also</u> <u>Villegas</u>, 404 F.3d at 364.

### C. Minor Role in the Offense

Finally, Jenkins argues that the district court erred by not awarding him a downward adjustment based on his minor role in the offense. <u>See</u> U.S.S.G. § 3B1.2. He contends that he was a "minor participant" in the criminal activity because he was only a courier of the drugs. However, "a defendant may be a courier without being either a minimal participant or a minor participant." <u>See</u> <u>United States v. Gallegos</u>, 868 F.2d 711, 713 (5th Cir. 1989) (citing <u>United States v. Buenrostro</u>, 868 F.2d 135, 138 (5th Cir.

6

1989)).  The district court did not clearly err in failing to award a downward adjustment.  <u>See</u> <u>United States v. Virgen-Moreno</u>, 265 F.3d 276, 296 (5th Cir. 2001).

### III.  CONCLUSION

For the reasons discussed above, we affirm Jenkins's sentence.

**AFFIRMED.**