# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 23, 2007**

Charles R. Fulbruge III
Clerk

No. 06-20654
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EULALIO MORENO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-235

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Eulalio Moreno pleaded guilty to counts 1 and 2 of an indictment charging him with possession of counterfeit United States currency (count 1) and possession of a firearm by a felon convicted of three or more previous violent felonies (count 2). Because Moreno was convicted in Texas in 1987 of burglary of a habitation and again in 1988 of three counts of burglary of a habitation, the probation officer determined that Moreno was an armed career criminal within the meaning of 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4(a) (2003). Because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Moreno used or possessed a gun in connection with a controlled substance offense, Moreno's total offense level was determined under U.S.S.G. § 4B1.4(b)(3)(A) (2003). The district court sentenced Moreno at the top of the guidelines imprisonment range to concurrent 235-month terms of imprisonment. Moreno appealed his sentence and this court remanded for resentencing in accordance with United States v. Booker, 543 U.S. 220 (2005). United States v. Moreno, 183 F. App'x 437, 438 (5th Cir. 2006). On remand, the district court determined again that Moreno is an armed career criminal. The district court reimposed the same sentence. Moreno gave timely notice of his appeal.

Moreno contends that the district court erred in determining that his 1987 and 1988 state convictions of burglary of a habitation were crimes of violence and that he is an armed career criminal under § 924(e) and § 4B1.4(a). He contends that the Texas offense of burglary of a habitation does not have as an element the use, attempted use, or threatened use of physical force against the person of another, that the offense is not equivalent to the enumerated offense of burglary of a dwelling, and does not by its nature, present a serious potential risk of physical injury to another person. Because Moreno did not raise these issues in the district court, we review them for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005). To demonstrate plain error, Moreno must show clear or obvious error that affects his substantial rights; if he does, this court has discretion to correct a forfeited error that seriously affects the fairness, integrity, or public reputation of judicial proceedings, but is not required to do so. See id.

In Taylor v. United States, 495 U.S. 575, 602 (1990), the Court held that, because the term "burglary" is variously defined by different states, the meaning of the term, for purposes of § 924(e), was limited to a "generic" definition of burglary set forth in the Court's opinion: a "crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime."

495 U.S. at 599. The Texas offense of burglary of a habitation is a "generic burglary" for purposes of applying § 924(e). See United States v. Silva, 957 F.2d 157, 162 (5th Cir. 1992). Shepard v. United States, 544 U.S. 13 (2005), cited by Moreno, did not change the definition of "generic burglary" set forth in Taylor. See 544 U.S. at 19; see also United States v. Garcia-Mendez, 420 F.3d 454, 456–57 (5th Cir. 2005), cert. denied, 126 S. Ct. 1398 (2006).

Citing Shepard, Moreno argues that no evidence was presented showing that the predicate burglaries were generic burglaries. Interpreting Shepard, this court has held that "a district court errs when it solely relies upon the [presentence report's] characterization of a defendant's prior offenses for enhancement purposes." United States v. Jenkins, 487 F.3d 279, 281 (5th Cir. 2007). Because Moreno did not dispute the adequacy of proof with regard to the predicate burglaries, we review this question for plain error. See id. Moreno has not asserted or shown on appeal that his prior convictions for burglary of a habitation were not violent felonies. See id. at 281–82. Accordingly, Moreno has not shown that his substantial rights were affected by any error on the part of the district court in failing to require supporting documentation showing that the predicate burglaries were generic burglaries. See id. (citing United States v. Ochoa-Cruz, 442 F.3d 865, 867 (5th Cir. 2006)).

Moreno contends that the district court erred in determining his offense level under § 4B1.4(b)(3)(A). Under § 4B1.4(a), a "defendant who is subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e) is an armed career criminal." Under § 4B1.4(b)(3)(A), the offense level of an armed career criminal is 34 if he "used or possessed the firearm . . . in connection with . . . a controlled substance offense, as defined in § 4B1.2(b) . . . ." The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . possession of a controlled substance . . . with intent to . . . distribute . . . ." § 4B1.2(b). A "'controlled substance offense' include[s] the offense of aiding and abetting,

conspiring, and attempting to commit such [an] offense[]." § 4B1.2, comment. (n.1).

The probation officer determined that Moreno's offense level under § 4B1.4(b)(3)(A) because Moreno had "possessed the firearm in connection with a controlled substance offense, as defined in U.S.S.G. § 4B1.2(b), namely, aiding and abetting the possession with intent to distribute cocaine . . . ." The probation officer reported that a confidential informant disclosed to the United States Secret Service that Moreno intended to purchase cocaine using counterfeit currency. The scheme was verified using surveillance and monitored conversations. After his arrest, Moreno gave a statement confirming his role in the drug transaction.

Moreno contends that the offenses to which he pleaded guilty, i.e., possession of counterfeit United States currency and possession of a firearm by a felon convicted of three or more previous violent felonies, were neither crimes of violence nor controlled substance offenses. Because this issue was not raised in Moreno's original appeal, it is barred under the mandate rule unless Moreno shows that the district court's ruling was clearly erroneous and will result in a manifest injustice. See United States v. Pineiro, 470 F.3d 200, 204–05 (5th Cir. 2006); United States v. Marmolejo, 139 F.3d 528, 531 (5th Cir.1998)).

Moreno cannot show that the district court clearly erred. "[T]here is no requirement that the enhancement in § 4B1.4(b)(3)(A) be applied only when the defendant is charged with or convicted of a crime of violence. Rather, if a district court finds, based on a preponderance of the evidence, that the unlawful conduct occurred, the enhancement is proper." United States v. Rockey, 449 F.3d 1099, 1104 (10th Cir. 2006); see also United States v. Guerrero, 5 F.3d 868, 872–73 (5th Cir. 1993) (district court did not plainly err in determining that defendant convicted of being a felon in possession of a firearm had possessed the firearm in connection with a uncharged crime of violence (burglary of a habitation)).

Moreover, even if the district court did err in sentencing Moreno at level 34 under § 4B1.4(b)(3)(A), instead of at level 33 under U.S.S.G. § 4B1.4(b)(3)(B), such an error would not result in a manifest injustice under the circumstances of this case. Moreno does not dispute that the uncharged drug offense would constitute a controlled substance offense under § 4B1.2(b).

Moreno contends also that the district court erred in assessing the four-level increase under U.S.S.G. § 2K2.1(b)(5) (2003). Because application of the armed career criminal provision resulted in a higher offense level than the Chapter Two offense level, any error in applying § 2K2.1(b)(5) could not have resulted in a manifest injustice. The judgment is

AFFIRMED.