**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-41020
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAMILE NICOLE WILSON

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CR-235

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jamile Nicole Wilson appeals his sentence following his guilty plea conviction for possession with intent to distribute or dispense cocaine base. The district court's applied the career offender guideline under U.S.S.G. § 4B1.1 and sentenced Wilson to 188 months of imprisonment and five years of supervised release. Wilson contends that the district court erred by imposing the career offender enhancement under § 4B1.1.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A defendant is a career offender under § 4B1.1 if "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." § 4B1.1(a). Wilson challenges only the third element, arguing that the district court erred by applying the career offender enhancement based solely on his presentence report's characterization of the two prior convictions underlying the enhancement, a Texas conviction for burglary of a habitation with intended other felony and a federal conviction for conspiracy to manufacture, distribute, or possess with intent to manufacture, distribute, or dispense cocaine base.

While the district court was not provided materials independent from the presentence report documenting these prior convictions, Wilson's counsel admitted at sentencing that Wilson was in fact convicted of the burglary and conspiracy offenses. The district court was permitted to rely on this admission in determining that those convictions could be used as a basis to enhance Wilson's sentence. *See United States v. Jenkins*, 487 F.3d 279, 281 (5th Cir. 2007); *United States v. Mendoza-Sanchez*, 456 F.3d 479, 483 (5th Cir. 2006).

After filing a written objection challenging Wilson's burglary conviction "as a basis for asserting he is a career offender," Wilson's counsel conceded at the sentencing hearing that Wilson's burglary and conspiracy convictions satisfied the requirements of the career offender guideline, stating, "Yes, statutorily and pursuant to the sentencing guidelines those would qualify, I can't argue with that." In light of this concession, Wilson waived the issue whether those convictions fall within the definition of "crime of violence" or "controlled substance offense" for purposes of the career offender enhancement. *See United States v. Salazar*, 542 F.3d 139, 145-46 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 1669 (2009). Wilson also briefs no such argument in this court and thus has

2

waived any such challenge here. *See United States v. Edwards*, 303 F.3d 606, 647 (5th Cir. 2002).

AFFIRMED.