# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 10, 2010

No. 09-40572
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICARDO DAVILA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-734-2

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Ricardo Davila pleaded guilty to conspiracy to possess with intent to distribute more than five kilograms of cocaine and was sentenced to 180 months of imprisonment.  21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846.  He now appeals the district court's denial of a two-level minor role adjustment pursuant to U.S.S.G. § 3B1.2 and a safety valve adjustment pursuant to U.S.S.G. § 5C1.2.  He further argues that the district court committed procedural error by failing to give

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adequate reasons for the sentence imposed and that his sentence is substantively unreasonable.  For the following reasons, we affirm.

We review the district court's finding that Davila was not a minor participant for clear error.  *See United States v. Villanueva*, 408 F.3d 193, 203-04 & n.9 (5th Cir. 2005).  The record reflects that Davila transported a large amount of cocaine and agreed to drive the load through a government checkpoint.  Given these facts, we cannot say that the district court's conclusion that Davila was not a minor participant was implausible in light of the record as a whole.  *See id.* at 203; *see United States v. Jenkins*, 487 F.3d 279, 282 (5th Cir. 2007).

We review for clear error the district court's finding that Davila was not entitled to a § 5C1.2 safety valve adjustment because he did not truthfully debrief.  *See Villanueva*, 408 F.3d at 203 n.9; *United States v. Miller*, 179 F.3d 961, 963-64 (5th Cir. 1999).  Contrary to Davila's argument, the district court's conclusion was not based on unsubstantiated assertions.  Rather, the district court heard directly from Davila and concluded that his story was not plausible.  The district court's credibility determination, which is entitled to great deference, was not clearly erroneous.  *United States v. Powers*, 168 F.3d 741, 753 (5th Cir. 1999).

We review for plain error Davila's claim that the district court provided inadequate reasons for the sentence imposed.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009).  The district court gave specific reasons for the within-guidelines sentence imposed, referencing the sentencing factors of 18 U.S.C. § 3553(a). The court's reasons reflect consideration of appropriate factors, such as the nature and circumstances of the instant offense, Davila's history, the need for adequate deterrence to criminal conduct, and the need to protect the public.  *See* § 3553(a)(1), (2)(B)-(C).  Davila has failed to show any error, much less clear or obvious error, regarding the adequacy of the district court's reasons.  *Puckett v.*

*United States*, 129 S. Ct. 1423, 1429 (2009); *Mondragon-Santiago*, 564 F.3d at 361-64.

We review for plain error Davila's claim that his sentence is substantively unreasonable because the district court accepted the unsubstantiated assertions of the Government in determining the applicability of the safety valve provision. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). First, Davila had the burden of proving the facts necessary to support the safety valve adjustment; however, he failed to carry his burden. *See United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996). Second, on appellate review, "[a] discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). Davila has failed to rebut this presumption. He has thus shown no error, plain or otherwise.

The judgment of the district court is AFFIRMED.