# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 11, 2010

Lyle W. Cayce
Clerk

No. 09-40688
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BIENVENIDO RAMIREZ-LEONARDO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 7:08-CR-1310-1

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Bienvenido Ramirez-Leonardo appeals the sentence imposed following his plea of guilty of importation of heroin. He argues that the factual basis for his plea did not establish that he knowingly imported a particular quantity of a particular drug into the United States, so his plea should be vacated. He correctly concedes, however, that that argument is

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40688

foreclosed by *United States v. Betancourt*, 586 F.3d 303 (5th Cir. 2009), *cert. denied*, __S. Ct.__, 2010 WL 562914 (U.S. Mar. 22, 2010) (No. 09-9048); he raises the argument solely to preserve its further review by the Supreme Court.

Ramirez-Leonardo additionally contends that the district court clearly erred in denying him a minor-role adjustment pursuant to U.S.S.G. § 3B1.2(b). Ramirez-Leonardo's reliance on his alleged courier status, alone, is unavailing. *See United States v. Martinez-Larraga*, 517 F.3d 258, 272 (5th Cir. 2008); *United States v. Jenkins*, 487 F.3d 279, 282 (5th Cir. 2007). The unrebutted facts established that Ramirez-Leonardo imported a large amount of heroin into the United States from the Dominican Republic; traveled a long distance with the heroin in hidden compartments in the soles of multiple pairs of his shoes; was to be paid a large sum of money for his role in the criminal activity; and was solely responsible for transporting the heroin to its final destination of New York. Based on the foregoing, it cannot be said that Ramirez-Leonardo was "peripheral to the advancement of the criminal activity" and thus a minor participant. *See Martinez-Larraga*, 517 F.3d at 272.

AFFIRMED.