**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 3, 2012

Lyle W. Cayce
Clerk

No. 11-40432
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JAIME GARCIA-TREJO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-1826-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jaime Garcia-Trejo pleaded guilty to: conspiracy to possess, with intent to distribute; possession, with intent to distribute; and, importation of more than 5 kilograms of cocaine and more than 500 grams of methamphetamine. He was sentenced, *inter alia*, to 151-months' imprisonment. He challenges both his convictions and sentence.

As for his convictions, Garcia-Trejo contends there was an insufficient factual basis for his guilty plea because the Government did not prove he knew

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the type and quantity of the drugs he was carrying.  Garcia-Trejo concedes this contention is foreclosed by *United States v. Betancourt*, 586 F.3d 303, 308-09 (5th Cir. 2009), and presents it in order to preserve it for possible further review.

Turning to the sentence, although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the Guidelines-sentencing range for use in deciding on the sentence to impose.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Garcia-Trejo contends the district court erred in not reducing his offense level by two pursuant to Guideline § 3B1.2 (mitigating role in offense) because, as a courier, he had a minor role in the offense.  Even assuming this contention was preserved in district court, it fails.  To warrant that reduction, defendant must be "peripheral to the advancement of the criminal activity".  *United States v. Martinez-Larraga*, 517 F.3d 258, 272 (5th Cir. 2008).  The district court did not clearly err in finding that Garcia-Trejo's role in transporting more than $500,000 of cocaine and methamphetamine was not peripheral, but rather, as important to the criminal enterprise as the roles of producing, packaging, and concealing the contraband. *See United States v. Jenkins*, 487 F.3d 279, 282 (5th Cir. 2007) (court did not clearly err in not reducing offense level because "defendant may be a courier without being . . . a minor participant") (citation and internal quotation marks omitted).

Garcia-Trejo also contends the district court erred in not reducing his offense level by one pursuant to Guideline § 3E1.1(b) (acceptance of responsibility) because the Government may not decline to move for that additional one-level reduction on the ground that defendant refused to waive his right to appeal.  Garcia-Trejo concedes this contention is foreclosed by *United*

*States v. Newson*, 515 F.3d 374, 378-79 (5th Cir. 2008).  He presents it in order to preserve it for possible further review.

Garcia-Trejo also maintains the district court failed to give an adequate explanation for the sentence.  The court considered carefully the circumstances of Garcia-Trejo's case in the light of the 18 U.S.C. § 3553(a) sentencing factors in determining and explaining the sentence.  *See Rita v. United States*, 551 U.S. 338, 356-57 (2007) ("when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation").  The sentence is procedurally sound.

Citing *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), Garcia-Trejo contends his sentence is substantively unreasonable because the methamphetamine Guidelines lack an empirical basis.  Whatever discretion *Kimbrough* gives district courts to deviate from the Guidelines, it does not require either district or appellate courts to conduct "a piece-by-piece analysis of the empirical grounding behind each part of the sentencing guidelines".  *United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009).

Finally, Garcia-Trejo contends the within-Guidelines sentence is substantively unreasonable because the district court did not give adequate weight to his low level of culpability and the aberrant nature of the offense, given his otherwise clean record.  When, as here, a district court imposes a sentence within a properly calculated Guidelines-sentencing range, the sentence is entitled to a presumption of reasonableness.  *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  Garcia-Trejo has not shown the district court failed to give proper weight to any § 3553(a) factor.  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.