# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 13, 2012

No. 11-40885
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL AGUSTIN ALFARO-MARTINEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-517-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Daniel Agustin Alfaro-Martinez (Alfaro) appeals the 46-month sentence imposed following his guilty plea conviction of possession with intent to distribute 100 kilograms or more of marijuana. He argues that the district court clearly erred by denying him a two-level reduction pursuant to U.S.S.G. § 3B1.2 for his minor role in the offense because he served as a mere courier.

Following *United States v. Booker*, 543 U.S. 220 (2005), this court continues to review a district court's application of the Sentencing Guidelines de

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

novo and its factual findings for clear error. *United States v. Villanueva*, 408 F.3d 193, 203 & n.9 (5th Cir. 2005). Whether Flores was a minor participant is a factual determination that we review for clear error. *See id.* at 203.

Alfaro asserts that the district court misapplied the Guidelines by categorically excluding drug couriers, despite the fact that the commentary to § 3B1.2 permits a court to give the enhancement to a courier whose sentence was based only on the drugs for which he was personally accountable. *See* § 3B1.2, comment. (n.3(A)). A review of the record establishes that the district court did not categorically exclude couriers from receiving the adjustment; instead, the court found that the circumstances of Alfaro's case did not warrant the reduction.

Alternatively, Alfaro maintains that he should have received the two-level reduction because, as a mere courier, his role was not central to the narcotics organization. Neither the Guideline nor the commentary mandates that a courier receive the adjustment. Alfaro's role in transporting over 500 kilograms of marijuana was more than peripheral, as a courier is often "indispensable to a drug-smuggling operation." *United States v. Buenrostro*, 868 F.2d 135, 138 5th Cir. 1989). Accordingly, his assertion that he was merely a courier does not automatically entitle him to a minor role adjustment. *See United States v. Franklin*, 561 F.3d 398, 407 (5th Cir. 2009). Additionally, for purposes of § 3B1.2, a defendant's participation in the offense is not to be evaluated with reference to the entire criminal enterprise of which the defendant was a part but in relation to the conduct for which the defendant was held accountable. *United States v. Garcia*, 242 F.3d 593, 598-99 (5th Cir. 2001). Alfaro's sentence was based entirely on the conduct that he was directly involved in and the quantity of drugs he personally transported. Although he was not precluded from receiving a minor role adjustment under the Guidelines, such a reduction was not required. *See id.*

No. 11-40885

Accordingly, Alfaro did not establish that his role in the offense was peripheral.  The district court did not clearly err in refusing to award a minor role adjustment.  *See United States v. Jenkins*, 487 F.3d 279, 282 (5th Cir. 2007); *Garcia*, 242 F.3d at 598-99.  Consequently, the judgment of the district court is AFFIRMED.