EDWARD C. PRADO, Circuit Judge,
specially concurring:
I write separately to reiterate my view that our rule from United States v. Lopez, 923 F.2d 47, 50 (5th Cir.1991) (per cu-riam) — that factual-finding mistakes are not cognizable on plain-error review of a criminal sentence — though binding on this Court, is contrary to the text of Federal Rule of Criminal Procedure 52(b), Supreme Court precedent, and the practice in every other circuit. See United States v. Claiborne, 676 F.3d 434, 440 (2012) (Prado, J., concurring) (“[T]he court is correct to apply Lopez and foreclose review. Nonetheless, I believe the Lopez rule to be inferior and think that our review of [an] unobjected-to enhancement under the Guidelines ought to be for plain error.”).
I. RULE 52(B) AND THE CASES INTERPRETING IT
Rule 52(b) states: “A plain error that affects substantial rights may be considered even though it was not brought to the court’s attention.” Rule 52(b)’s text makes no distinction between factual and legal errors. As I observed in Claiborne, the Supreme Court has stated that “[a] rigid and undeviating judicially declared practice under which courts of review would invariably and under all circumstances decline to consider all questions which had not previously been specifically urged would be out of harmony with ... the rules of fundamental justice.” United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (alterations in original) (internal quotation marks omitted). Indeed, the Supreme Court has more recently reiterated that it eschews a rigid approach to plain-error review. See Puckett v. United States, 556 U.S. 129, 142, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009) (“We have emphasized that a per se approach to plain-error review is flawed.” (internal quotation marks omitted)). It is unsurprising, then, that Fifth Circuit cases have not consistently followed the Lopez rule,[1] and that each of the other circuits reviews these mistakes for plain error.[2]
II. APPLICATION IN THIS CASE
The injustice of the Lopez rule is illustrated by its application in this case. Here, the trial court clearly erroneously accepted the government’s incorrect assertion that Carlton’s girlfriend Whitney Anderson testified that Carlton intended *350 to use the marijuana to pay off a debt to another prisoner, and that the government’s incorrect assertion was the piece of evidence that tipped the scale in favor of the two-level sentencing enhancement for intent to distribute. Thus, in my view, this “error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings.” See Puckett, 556 U.S. at 135, 129 S.Ct. 1423 (internal quotation marks omitted).
A. Background
As discussed in the opinion for the Court, the government caught Carlton attempting to smuggle marijuana into federal prison. The Presentence Investigation Report (PSR) stated: “According to the U.S. Attorney’s Office, Anderson gave testimony during trial, which indicated that the multiple balloons of marijuana she brought into USP Pollock were intended to be used by the defendant to repay a debt to another inmate.”
On appeal, the government concedes in its brief that, “[i]n fact, [Anderson] did not say this at trial.” At oral argument, the U.S. Attorney’s Office took responsibility for this error, though the government noted the error was “also on the court.”[3]
Based on this erroneous information, the PSR recommended a two-level increase to Carlton’s offense level under U.S.S.G. § 2Dl.l(b)(4) because “the object of the offense was the distribution of a controlled substance in a prison.”
At sentencing, Carlton did not object to the facts contained in the PSR. At the hearing, Carlton’s defense lawyer appeared to accept the fact that Anderson had testified to that effect as he argued there was no legal basis for the enhancement: “Just — I mean, based simply on her testimony of what he was going to do with it, I don’t think that’s enough to say that he was going to distribute it.” At the hearing, the government doubled down on the statement in the PSR and stated that “Ms. Anderson testified” at trial “that the intent of the narcotics was to go to pay off some sort of debt in prison.”
The district court overruled Carlton’s objection primarily because of its erroneous belief that Anderson’s testimony came in and was unrebutted. The court explained: “Well, I appreciate the argument and I would possibly agree with [Carlton] absent the affirmative testimony from that witness that I believe was unrebutted. I didn’t hear — I don’t recall any rebuttal at the trial of that particular testimony. It’s also documented in the presentence investigation report.” (emphasis added). Without the sentencing enhancement, Carlton’s recommended guidelines range would have been eighteen-to-twenty-four months; whereas, Carlton’s range with the enhancement was twenty-four-to-thirty months, and he received a twenty-seven-month sentence.
B. Discussion
Though we properly apply Lopez under our rule of orderliness, here as in Claiborne, our failure to review Carlton’s claim may deprive Carlton of months of liberty because, in my opinion, the district court committed plain error. The injustice in this case is magnified because, by its own admission, the government introduced the error.
The government concedes the first three prongs of plain error. The only issue is therefore whether the fourth prong is met, and in my view it is. See Puckett, 556 U.S. at 135, 129 S.Ct. 1423 (“[I]f the [first] *351 three prongs are satisfied, the court of appeals has the discretion to remedy the error — discretion which ought to be exercised only if the error ‘seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.’ ” (quoting Olano, 507 U.S. at 736, 113 S.Ct. 1770)).
A sentencing “error seriously affects the fairness, integrity, or public reputation of judicial proceedings, particularly when the disparity between the Guidelines’ range applied by the district court and the correctly calculated range is significant.” United States v. John, 597 F.3d 263, 285-86 (5th Cir.2010) (emphasis added). The two-level disparity between Carlton’s sentence and the sentence that he would have received absent the clear error is “significant” within the meaning of Fifth Circuit case law. See United States v. Mudekunye, 646 F.3d 281, 286, 291 (5th Cir.2011) (per curiam) (holding a two-level sentencing discrepancy was plain error because “[t]he substantial disparity between the imposed sentence and the applicable Guidelines range warrants the exercise of our discretion to correct the error”).[4]
The error seriously affects the fairness, integrity, or public reputation of the judicial proceedings for the additional reason that it was introduced by the government and allowed to go uncorrected, even after prompting by the district court. The judge was uncertain whether Anderson’s testimony was rebutted, and he asked the Assistant U.S. Attorney whether he had a recollection of this testimony being rebutted. The Assistant U.S. Attorney responded: “No, I don’t.”
III. CONCLUSION
Therefore, absent Lopez, I would vacate Carlton’s sentence and remand for resen-tencing. The trial court could then consider whether this error was in fact introduced by the government and, if so, under what circumstances. If the totality of the evidence nonetheless supported the enhancement for intent to distribute without Anderson’s supposed testimony, then the district court would be free to reinstate Carlton’s original sentence with the two-level enhancement. But if not, Carlton would get several months of his life back.
Taken to its logical extreme, the application of Lopez to this case demonstrates the fundamental injustice of the Lopez rule. Under Lopez, the government could fabricate a fact that then ends up in a PSR. If an overworked appointed defense lawyer does not notice and object, and if the district court imposes an enhancement based on this fiction, this Court of Appeals is powerless to correct it. I do not read Rule 52(b), or the Supreme Court eases interpreting it, this way, and neither do our *352 sister circuits. Although we apply the correct rule under our rule of orderliness, I write separately to again respectfully suggest that the rule applied is a bad one.

. Compare United States v. Akinosho, 285 Fed.Appx. 128, 130 (5th Cir.2008) (per curiam) (applying Lopez), with United States v. Stevenson, 97 Fed.Appx. 468, 470 (5th Cir.2004) (per curiam) (conducting a typical plain-error analysis of a challenge to a factual finding supporting a sentencing enhancement), and United States v. Huerta, 182 F.3d 361, 366 (5th Cir.1999) (same).

. See Claiborne, 676 F.3d at 442-43 (Prado, J., concurring) (collecting cases).

. Specifically, the attorney for the government stated at oral argument: "I believe the error was on the government; I’m not going to blame the probation officer.”

. The government’s argument that the error was invited by the defendant is unavailing. The record demonstrates that the erroneous fact that infected Carlton’s sentencing — that Anderson testified that Carlton would use the marijuana to pay a debt — originated from the government and not from Carlton, as the government conceded at oral argument. The PSR unequivocally states that the probation officer believed this because the U.S. Attorney's Office told her so.
The government’s reliance on our unpublished decision in United States v. Moreno, 245 Fed.Appx. 399 (5th Cir.2007) (per curiam) is similarly misplaced. The issue in Moreno was waiver on appeal, not plain error. In Moreno, the defendant’s sentence was enhanced under U.S.S.G. § 4B1.4(a) because the district court determined he was a career criminal. Id. at 402. Moreno did not raise this issue in his original appeal. Id. at 401-02. Thus, this Court reviewed his second appeal in the wake of Booker for manifest injustice, not plain error: “Because this issue was not raised in Moreno’s original appeal,” the court explained, "it is barred under the mandate rule unless ... the district’s court's ruling was clearly erroneous and will result in a manifest injustice.” Id. at 402. Thus, Moreno-is inapposite.