# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40931
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN LUIS AGUILAR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-5-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Luis Aguilar pleaded guilty to possessing 2.6 kilograms of methamphetamine with intent to distribute and was sentenced to serve 92 months in prison and a five-year term of supervised release. Now, Aguilar challenges the district court's rejection of his argument that he was a minimal or minor participant in the offense and deserved a corresponding adjustment. He insists that the adjustment was warranted because he was a mere courier,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

took direction from others, and earned only a small sum.  The district court's decision that this adjustment was inapplicable is entitled to deference, and we review this decision for clear error.  *See United States v. Devine*, 934 F.2d 1325, 1340 (5th Cir. 1991); *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).

Insofar as Aguilar avers that he should be considered a minor or minimal participant because he only transported drugs, he is mistaken.  *See United States v. Jenkins*, 487 F.3d 279, 282 (5th Cir. 2007); *United States v. Martinez-Larraga*, 517 F.3d 258, 272 (5th Cir. 2008).  Insofar as Aguilar contends that he should have received the § 3B1.2 adjustment because his behavior warranted it, this argument also fails.  Because his sentence was based wholly on his own acts, the adjustment was not required.  *See United States v. Garcia*, 242 F.3d 593, 598-99 (5th Cir. 2001); *United States v. Perez-Solis*, 709 F.3d 453, 471 (5th Cir. 2013); *United States v. Atanda*, 60 F.3d 196, 199 (5th Cir. 1995).

Likewise unavailing is Aguilar's argument that the district court plainly erred because it denied the requested adjustment based on its belief that a drug courier can never be a minor or minimal participant, rather than on an analysis of the facts underlying this case.  Review of the record shows that the judge gave a detailed recitation of the facts of Aguilar's case and an equally detailed explanation of the reasons why these facts did not warrant the requested adjustment.  This review thus undermines Aguilar's contention that the district court automatically denies this adjustment to couriers.  Accordingly, there is no clear or obvious error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

AFFIRMED.