# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 14-40074
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 16, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO GUERRERO,

Defendant-Appellant

———————

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CR-646-3

———————

Before JOLLY, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Alejandro Guerrero was convicted of conspiracy to possess with intent to distribute heroin. The district court sentenced Guerrero within the Guidelines range to 188 months in prison and five years of supervised release. He raises various challenges to his sentence and an ineffective assistance of counsel claim. Guerrero also requests remand for the correction of a clerical error in the judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40074

Guerrero argues that his case should be remanded for resentencing in light of the retroactive amendment to U.S.S.G. § 2D1.1 that occurred after he was sentenced and that Amendment 782 has rendered his sentence excessive. Guerrero did not request that the district court consider the amendment when imposing sentence. Thus, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 134–35 (2009).

The district court correctly applied the version of the Sentencing Guidelines in effect at the time of sentencing. *See United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007). In addition, the district court did not plainly err by failing to consider at sentencing the then-pending amendment when determining Guerrero's offense level. We deny Guerrero's request for remand for resentencing in light of the amendment. He has already filed an 18 U.S.C. § 3582 motion in the district court requesting a sentence reduction on that basis, and the motion is currently pending. *See United States v. Posada-Rios*, 158 F.3d 832, 880 (5th Cir. 1998); *see also United States v. Miller*, 903 F.2d 341, 349 (5th Cir. 1990). We expect the district court will promptly address Guerrero's motion now that we have resolved this appeal.

Guerrero argues for the first time on appeal that the district court erred in failing to apply a mitigating role adjustment under U.S.S.G. § 3B1.2. It appears Guerrero's role within the conspiracy was as a drug courier or "delivery man." A district court does not commit clear error, let alone plain error, if it fails to award a mitigating role adjustment for a drug courier. *See United States v. Jenkins*, 487 F.3d 279, 282 (5th Cir. 2007).

The record is not sufficiently developed to evaluate the merits of Guerrero's claim that counsel rendered ineffective assistance by failing to request a mitigating role adjustment. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). We decline to consider that claim on direct appeal, leaving

it instead to be resolved in a 28 U.S.C. § 2255 proceeding.  *See Massaro v. United States*, 538 U.S. 500, 503–09 (2003).

Guerrero next argues that because he was subject to a 10-year mandatory minimum sentence, the district court plainly erred by failing to instruct the jury that it was required to make an individual finding regarding the quantity of drugs attributable to him.  *See United States v. Haines*, 803 F.3d 713, 742 (5th Cir. 2015); 21 U.S.C. § 841(b)(1)(A).  Although the jury was not instructed in this regard, Guerrero cannot establish plain error in connection with the claim as he cannot show an effect on his substantial rights. A district court's failure to require an individualized drug quantity finding does not affect a defendant's substantial rights if the sentence is "well above the mandatory minimum . . . ."  *United States v. Benitez,* 809 F.3d 243, 250 (5th Cir. 2015), *cert. denied,* 136 S. Ct. 1694 (2016).  Here, Guerrero was sentenced within the Guidelines range to 188 months' imprisonment, "well above" the 120-month statutory minimum, and there is no indication that the district court considered the statutory minimum when imposing sentence.  *See id.*

Finally, the judgment provides that Guerrero was convicted of possession with intent to distribute heroin, but he was found guilty of conspiracy to possess with intent to distribute heroin.  A clerical error arises where "the court intended one thing but by merely clerical mistake or oversight did another."  *United States v. Buendia–Rangel*, 553 F.3d 378, 379 (5th Cir. 2008).  Based on the clerical error in the judgment, we remand to the district court for correction of the description of the offense.  *See United States v. Johnson*, 588 F.2d 961, 964 (5th Cir. 1979); FED. R. CRIM. P. 36.

AFFIRMED in part and REMANDED in order to correct the written judgment so that it accurately describes the offense of conviction.