**UNITED STATES OF AMERICA,**
Plaintiff–Appellee,

v.

**Gregory L. SARGENT, Defendant–Appellant.**

No. 99–5765.

United States Court of Appeals,
Sixth Circuit.

Sept. 12, 2001.

Before BOGGS and DAUGHTREY, Circuit Judges; and WEBER, District Judge.*

## OPINION

PER CURIAM.

Gregory L. Sargent appeals from a criminal sentence. Both defendant and

---

* The Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation.

the United States have waived oral argument. For the reasons that follow, we vacate the sentence and remand for further proceedings.

## I.

Defendant was indicted on one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g). The case was tried to a jury in February of 1999. The jury found defendant guilty as charged.

A presentence report (PSR) was prepared on March 11, 1999. The Probation Office determined the base offense level was 20 and the total of criminal history points was 12, which established a criminal history category of V. The Probation Office recommended a two-level enhancement of the base offense level for obstruction of justice pursuant to U.S.S.G. § 3C1.1 on the theory that defendant had "obstructed justice by taking the stand in Court and providing false and misleading testimony while under oath." The Probation Office added two points to the criminal history score pursuant to U.S.S.G. § 4A1.1(e) on the ground that commission of the instant offense had occurred less than two years following defendant's release from a sentence imposed in Fairborn Municipal Court, which was required to be counted under § 4A1.1(b). The Probation Office determined the total offense level was 22 and the criminal history category was V, which resulted in a guideline range for imprisonment of seventy-seven (77) to ninety-six (96) months.

The United States presented no objections to the PSR. Defendant raised three objections: (1) the "Detainers" section of the PSR included a bench warrant for failure to pay a court-ordered fine which defendant alleged to have paid; (2) there was no handgun involved in a charge of "possession of a handgun by a convicted felon" in Morgan County District Court

Case 98–F–00055; and (3) certain charges listed under "Pending Charges" had been dropped. The Probation Office declined to modify the PSR in response to defendant's objections except to add that the charge in the Morgan County case was "Possession of Handgun/Firearm By a Convicted Felon".

A sentencing hearing was held on May 19, 1999. At the hearing, the trial judge overruled the objections to the PSR. The trial judge sentenced defendant to ninety-six (96) months in prison, three years of supervised release, and a special assessment of $100.00.

Defendant filed a Notice of Appeal and brief through counsel. Defendant argues that the district court committed clear error and plain error in finding that he obstructed justice at his trial. Defendant notes that contrary to the information contained in the PSR, he did not testify at his trial. Defendant also argues that although the district court apparently believed that he had caused Heather Friend, a witness at his trial, to commit perjury, there is no evidence in the record to support a finding to that effect.

The United States concedes that the PSR contains a factual error in that defendant did not testify at his trial. The United States argues, however, that the finding was not plain error under Fed.R.Crim.P. 52(b) and was harmless because the sentencing court's finding at the sentencing hearing that defendant caused or solicited the perjurious testimony of Heather Friend and Karen Friend, both of whom testified at his trial, mandates the obstruction of justice enhancement.

Defendant filed *pro se* a supplemental brief and motion for a general remand order in which he raises four additional issues for review: (1) whether the PSR wrongfully assessed him two criminal his-

tory points for a conviction belonging to another individual, "Gregory A. Sargent"; (2) whether the PSR wrongfully assessed him two points for a conviction beyond the ten-year time limit of U.S.S.G. § 4A1.2(e)(1); (3) whether the PSR wrongfully assessed him two points under U.S.S.G. § 4A1.1(e) for committing the instant offense within two years of release from a previous sentence of imprisonment; and (4) whether the PSR wrongfully assessed him five criminal history points based on convictions resulting in terms of imprisonment where he was not represented by counsel.

In response to the issues raised in defendant's supplemental brief, the United States concedes that it is unclear whether certain of defendant's prior convictions for which criminal history points were assessed are constitutionally invalid on the ground that defendant was not advised of his right to counsel. The United States also concedes that defendant may have been assessed criminal history points for another individual's conviction, which would constitute plain error. The United States asserts that this matter should be remanded to the district court to correct the PSR, consider the sentencing issues not previously raised, and re-sentence defendant upon the corrected record.

## II.

Defendant did not raise below the issues he now presents on appeal. We therefore apply plain error review as defined by Fed.R.Crim.P. 52(b) to the issues raised by defendant. *See United States v. Koeberlein,* 161 F.3d 946, 949 (6th Cir.1998), *cert. denied,* 526 U.S. 1030, 119 S.Ct. 1278, 143 L.Ed.2d 371 (1999)(citing *Johnson v. United States,* 520 U.S. 461, 117 S.Ct. 1544, 1550, 137 L.Ed.2d 718 (1997)).

■ Fed.R.Crim.P. 52(b) states that, "Plain errors or defects affecting substan-

tial rights may be noticed although they were not brought to the attention of the court." To establish plain error, a defendant must show that (1) an error occurred in the district court; (2) the error was plain, *i.e.,* obvious or clear; and (3) the error affected the defendant's substantial rights. *United States v. Page,* 232 F.3d 536, 543 (6th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 2202, 149 L.Ed.2d 1032 (2001)(citing *Johnson,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 137 L.Ed.2d 718; *United States v. Calloway,* 116 F.3d 1129, 1136 (6th Cir.1997)). If these conditions are satisfied, the appellate court may exercise discretion and notice the error only if it "seriously affect[s] the fairness, integrity or public reputation of the judicial proceedings." *Id.* (citing *Johnson,* 520 U.S. at 467, 117 S.Ct. 1544).

■ An error affects substantial rights when it was prejudicial, *i.e.,* when it "affected the outcome of the district court proceedings." *Id.* at 544 (citing *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)). A sentencing error affects substantial rights when it results in a sentence substantially different than that which would have been imposed absent the error. *Id.* (citing *United States v. Barajas–Nunez,* 91 F.3d 826, 833 (6th Cir.1996)). A sentencing error seriously affects the fairness, integrity or public reputation of the judicial proceedings when the error results in imposition of a sentence which is not authorized by law. *Id.* (citing *United States v. Williamson,* 183 F.3d 458, 464 (5th Cir.1999)).

## III.

■ Upon review, we conclude that defendant's sentence must be vacated and this matter remanded to the district court. The United States concedes that a remand is appropriate for a determination as to

272

whether defendant was assessed criminal history points for a conviction obtained against another individual. The United States further concedes that an evidentiary hearing is required in order to determine whether any of defendant's prior convictions are constitutionally invalid on the ground that defendant was not advised of his right to counsel. The erroneous assessment of criminal history points for another individual's conviction or for a constitutionally invalid conviction is plain error which seriously affects the fairness and integrity of the criminal proceedings. A remand for an evidentiary hearing on these issues is therefore warranted.

## IV.

 Defendant's base level offense was enhanced for obstruction of justice pursuant to U.S.S.G. § 3C1.1. That provision directs that the offense be increased by two levels if "... the defendant willfully obstructed or impeded, or attempted to instruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense...." When a defendant objects to a § 3C1.1 enhancement, the trial court must "make independent findings necessary to establish a willful impediment to or obstruction of justice." *United States v. Vandeberg,* 201 F.3d 805, 810 (6th Cir.2000)(citing *United States v. Dunnigan,* 507 U.S. 87, 95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993)). It is not necessary that the trial court detail the factual bases for the enhancement. *Id.* The court need only "make a finding that encompasses the appropriate predicates for the enhancement." *Id.* (citing *Dunnigan,* 507 U.S. at 95–96, 113 S.Ct. 1111).

 An error occurred in the district court in connection with the enhancement for obstruction of justice. The Probation Office found that defendant had obstructed justice by taking the stand and providing false and misleading testimony while under oath. Although defendant did not object to the finding and the trial court never addressed the accuracy of the finding, the finding was clearly incorrect because defendant did not testify at his trial. Inclusion of this incorrect information in the PSR was plainly erroneous.

The United States argues that the error in the PSR did not affect defendant's substantial rights or the fairness, integrity or public reputation of the sentencing proceeding and was harmless error. The United States asserts that the trial court made a finding that defendant solicited perjurious testimony from Heather Friend and Karen Friend and that this finding mandates an obstruction of justice enhancement notwithstanding the error in the PSR.

It is not clear from the record whether the error affected defendant's substantial rights. The trial judge's remarks at the sentencing hearing indicate that the trial judge may have believed that defendant had solicited false testimony from Karen Friend. A finding, based on the preponderance of the evidence, that defendant solicited perjured testimony from one or more witnesses at his trial would support an enhancement for obstruction of justice, in which case inclusion of the erroneous information in the PSR would not have affected defendant's substantial rights. Accordingly, on remand the trial court should clarify whether the base level has been enhanced based on a finding that defendant solicited perjured testimony.

## V.

 Defendant alleges that he was wrongfully assessed two criminal history points under U.S.S.G. § 4A1.1(e) for committing the instant offense after being re-

leased from a "sentence of imprisonment" within two years of a sentence counted under § 4A1.1(b). U.S.S.G. § 4A1.1(e) provides for the addition of two points "if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence." Subsection (a) includes prior sentences of imprisonment exceeding one year and one month and subsection (b) includes prior sentences of imprisonment of at least sixty days not counted in (a). Defendant appears to argue that he was not under a sentence of imprisonment for purposes of § 4A1.1(e) because a sentence of 180 days in jail which was imposed on him on March 20, 1998, was suspended for 90 days. The United States asserts that since only 90 of the 180 days were suspended, 90 of the 180 days imposed were served. The United States argues that because the current offense occurred shortly after defendant's release from this prior sentence of incarceration, the assessment of points under § 4A1.1(e) was proper.

The PSR states that a bench warrant was issued on July 2, 1998, due to defendant's failure to report to jail to serve the sentence imposed on March 20, 1998. The bench warrant remained pending as of the date of the PSR. It is unclear whether defendant ever served the sentence as the United States suggests. On remand, the record should be clarified to show whether defendant completed this sentence and, if so, the date he was released, in order to allow the trial judge to determine whether the assessment of points under § 4A1.1(e) is appropriate.

## VI.

■ Defendant argues that he was erroneously assessed two criminal history points for an offense committed on March 31, 1988, for which he was sentenced to a jail term of 180 days of which three days were suspended. Defendant claims that this offense is excluded pursuant to U.S.S.G. § 4A1.2(e)(1) because it did not occur within ten years of commencement of the instant offense.

U.S.S.G. § 4A1.2(e)(1) provides that any prior sentence of imprisonment exceeding one year and one month is counted in computing the criminal history if either the sentence was imposed within fifteen years of the defendant's commencement of the instant offense, or if the sentence, whenever imposed, resulted in the defendant being incarcerated during any part of such fifteen-year period. Section 4A1.2(e)(2) states that, "Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted." The PSR states, and defendant does not dispute, that the sentence for the March 31, 1988 offense was imposed on March 12, 1990. Defendant committed the current offense in 1998, which is within ten years of imposition of the prior sentence. Inclusion of the 1988 offense in the criminal history is not plain error.

## VI.

For the foregoing reasons, Gregory L. Sargent's sentence is VACATED. We remand this matter to the district court for correction of the record, preparation of a new PSR, and re-sentencing according to law.