United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40235
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRES MARTINEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(C-02-CR-252-6)
--------------------

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Andres Martinez pleaded guilty to conspiracy to possess with intent to distribute more than 500 grams of methamphetamine. Martinez appeals his 168 month sentence, arguing that the district court abused its discretion when it denied his motion to continue the sentencing hearing so that the government could evaluate the information that he had provided on the morning of sentencing, and to allow him time to provide

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

additional information in hopes of securing a motion for downward departure pursuant to U.S.S.G. § 5K1.1.

The government was not obligated to file a motion for downward departure under § 5K1.1 if, in its evaluation and discretion, Martinez had not provided substantial assistance. Martinez was afforded several opportunities to cooperate with government. His cooperation, however, came too late, and the government determined that the information provided by Martinez was not useful. In any event, Martinez was not prejudiced by the denial of his motion, because, under Rule 35(b) of the Federal Rules of Criminal Procedure, the government was permitted to file a post-sentencing motion for a reduction in Martinez's sentence based on his assistance. FED. R. CRIM. P. 35(b). Accordingly, Martinez has not proven that the district court abused its discretion and that he suffered prejudice resulting from the denial of his motion to continue. United States v. Peden, 891 F.2d 514, 519 (5th Cir. 1989).

Martinez also appeals his 168 month sentence on the grounds that the district court made insufficient findings to support the total drug quantity attributed to him under U.S.S.G. §§ 2D1.1 and 1B1.3, and that it erred when it denied him a two-level reduction in his base offense level under U.S.S.G. § 3B1.2 for his minor role in the offense.

Martinez filed written objections to the presentence report challenging the accuracy of the drug quantity calculation and his

2

role in the offense.  At the sentencing hearing, Martinez informed the district court that he was not pursuing the written objections to the presentence report, that the presentence report was correctly written in all respects, and that the district court could rely upon the presentence report in determining his sentence. Martinez has thus waived any challenge to the accuracy of the drug quantity calculation and his role in the offense, and his argument is not reviewable on appeal.  See United States v. Musquiz, 45 F.3d 927, 931 (5th Cir. 1995); United States v. Olano, 507 U.S. 725, 733 (1993).

The judgment of the district court is AFFIRMED.