United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 23, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10321
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID L. STEVENSON,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
(3:00-CR-406-ALL-R)
---------------------

Before JOLLY, WIENER, and PICKERING, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant David L. Stevenson appeals his conviction

and sentence for being a felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g)(1). He first challenges the

district court's denial of his motion to suppress the firearms

found in the trunk of his vehicle. There is no merit to

Stevenson's argument that Fifth Circuit precedent precludes an

officer from using suspicion of illegal window tint as a basis for

reasonable suspicion or probable cause for a traffic stop. He

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cites the dissent in United States v. Guerrero-Barajas, 240 F.3d 428, 433 (5th Cir. 2001), a case which, along with United States v. Villalobos, 161 F.3d 285 (5th Cir. 1998) and United States v. Diaz, 977 F.2d 163 (5th Cir. 1992), is inapposite. "[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." Whren v. United States, 517 U.S. 806, 810 (1996). As excessive window tint is a violation of TEX. TRANSP. CODE § 547.613, and Stevenson's windows were darker than was legally permissible, the stop was supported by probable cause. See Terry v. Ohio, 392 U.S. 1 (1968). Officer Casey's testimony that he used the suspected window tint violation to investigate his suspicion that Stevenson was impersonating a police officer has no bearing on the analysis: The subjective motivation of a law enforcement agent is irrelevant when his actions are based on objective factors that justify such behavior. See Whren, 517 U.S. at 813; United States v. Sanchez-Pena, 336 F.3d 431, 437 (5th Cir. 2003).

Also lacking merit is Stevenson's argument that the search and seizure from his vehicle of a police baton and handcuffs was not reasonably related in scope to the circumstances that justified the stop, see Terry v. Ohio, 392 U.S. at 1. Stevenson has presented nothing to contradict Officer Casey's testimony that he saw the baton and handcuffs, items possessed by police officers, through the window of the vehicle when he approached with the tint meter. This sequence of events is corroborated by the videotape introduced

at the suppression hearing.  The baton and cuffs were in "plain view," and, because they might be useful in establishing that Stevenson was guilty of impersonating a police officer, Officer Casey's seizure of those items was lawful.  United States v. Hill, 19 F.3d 984, 989 (5th Cir. 1994).

In calculating Stevenson's guideline range of imprisonment, the probation officer assessed a two-level adjustment for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, because Stevenson had perjured himself at trial regarding his ownership and possession of the weapons in the vehicle's trunk and his prior conviction for bank embezzlement.  There is no factual basis for Stevenson's argument that his objection to the two-level adjustment obligated the court to make independent findings on each element of his alleged perjury because he did not actually object to the adjustment.  Even construing his argument as one that the court erred in imposing the two-level adjustment, he cannot prevail because he has not shown error, much less plain error.  See United States v. Olano, 507 U.S. 725, 732-35 (1993).

Over Stevenson's objection, the district court adopted the Presentence Report's (PSR's) four-level adjustment pursuant to § 2K2.1(b)(5), because Stevenson used or possessed a firearm in connection with another felony offense, viz., impersonating a public servant.  Stevenson presented no evidence at the sentencing hearing to rebut this factual conclusion in the PSR.  See United States v. Peters, 283 F.3d 300, 314 (5th Cir.), cert. denied, 536

3

U.S. 934 (2002). In light of the evidence presented at the suppression hearing, it was not clear error for the district court to conclude that Stevenson had the intent to induce Officer Casey and others to submit to his pretended official authority or to rely on his pretended official acts. TEX. PENAL CODE § 37.11(a)(1); United States v. Cabrera, 288 F.3d 163, 168 (5th Cir. 2002).

Stevenson's argument that 18 U.S.C. § 922(g)(1) is unconstitutional is foreclosed by prior precedent to the contrary. United States v. Darrington, 351 F.3d 632, 634 (5th Cir. 2003); United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001).

Stevenson asserts that the district court erred in denying his motion for mistrial after the government, in closing argument, referred to his defense as the "O. J. Simpson defense." Any prejudicial effect, however, was minimal. See United States v. Newell, 315 F.3d 510, 527 (5th Cir. 2002); see e.g., United States v. Papajohn, 212 F.3d 1112, 1121 (8th Cir. 2000). Furthermore, the court sustained counsel's objection, thereby putting the jury on notice that the remark was improper. In light of the ample evidence supporting the charge that Stevenson was a felon in possession of a weapon, the district court cannot be said to have abused its discretion. See United States v. Griffin, 324 F.3d 330, 361 (5th Cir. 2003).

AFFIRMED.

4