**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50226 |
| Plaintiff - Appellee, | D.C. No. 2:02-cr-00938-VAP-9 |
| v. | |
| DAVID MICHAEL SAHAKIAN, AKA Miguel Angel Corraliza Sanchez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted March 8, 2011
Pasadena, California

Before: RYMER, CALLAHAN, and IKUTA, Circuit Judges.

Sahakian appeals his RICO conspiracy conviction, 18 U.S.C. § 1962(d), and

twenty-year sentence. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28

U.S.C. § 1291, and affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

I

Sahakian argues that the district court could not sentence him based on a finding of drug distribution when there was no special verdict form and there was evidence that would have warranted a lesser penalty. To the extent he makes an *Apprendi*[1] argument, it fails as he was sentenced within the statutory maximum. *See* 18 U.S.C. §§ 1962(d), 1963(a). Nor did the district court err in determining the career offender enhancement based on drug distribution rather than, as Sahakian suggests, gambling evidence that was also adduced at trial. The court properly looked to the indictment and instructions on Count 2, the only count of conviction. *See United States v. Piccolo*, 441 F.3d 1084, 1087 (9th Cir. 2006) (applying the categorical approach to determine whether an offense is a "crime of violence" or for a "controlled substance"); *Taylor v. United States*, 495 U.S 575, 602 (1990) (permitting courts to look at the indictment and instructions under the modified categorical approach). The indictment and instructions specified the types of racketeering activity in which Sahakian engaged as "multiple acts involving murder" and "distribution of controlled substances." Count 2 does not charge gambling. While it was not necessary for the jury to agree on which particular acts were committed, the jury instructions required the jury to agree on which type of racketeering activity Sahakian agreed would be committed (for

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

example, at least two acts of murder, attempted murder, aiding and abetting murder or attempted murder, conspiracy to commit murder, or drug trafficking, or any combination). Thus when the court opted to sentence based on drug distribution, it chose the lesser offense of the two upon which the verdict was necessarily based.[2]

II

Finding an obstruction of justice enhancement, U.S.S.G. § 3C1.1, warranted was not clearly erroneous. *United States v. Jimenez*, 300 F.3d 1166, 1170 (9th Cir. 2002) (noting standard of review for factual finding). It was based on Sahakian's testimony at a hearing on his motion to suppress an Aryan Brotherhood mission statement and membership list found in his cell that he reviewed a video recording of the search and it showed a prison officer planting evidence; but as the district court found after reviewing the tape, it didn't. While the district court did not make specific findings on materiality and willfulness, which would have been preferable, *United States v. Dunnigan*, 507 U.S. 87, 95 (1993), Sahakian failed to object so our review is for plain error. *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). Here the factual predicates for materiality and willfulness are encompassed within the court's finding of perjury: The false

_____

[2] Sahakian presses the rule of lenity, but the court's choice of the offense with the lesser punishment was consistent with the purpose of the rule even though it ultimately led to the same offense level.

testimony was material because it was the basis for the suppression hearing, and willful because Sahakian represented what the tape showed when it showed no such thing. Accordingly, the enhancement was neither plainly erroneous nor in violation of Sahakian's Fifth Amendment right to testify.

III

By not raising to the district court his claim that the five-year statute of limitations imposed by 18 U.S.C. § 3282 barred his RICO conspiracy conviction, Sahakian has waived that argument. *United States v. Lo*, 231 F.3d 471, 480 (9th Cir. 2000). We therefore need not address it. We are not persuaded to excuse the waiver by Sahakian's submission that the defense would have been raised after the verdict was returned if a special verdict form had been used on Count 2. Drug trafficking was one of the two racketeering activities charged in Count 2 from the outset, and Sahakian presumably knew that his drug distribution days at Leavenworth ended in 1995.[3] He could have asked for jury instruction, or objected to the verdict form, on his theory of limitations but did not.

---

[3] We do not suggest that Sahakian's cessation of this particular activity makes any difference in the outcome. He points to nothing in the record to show that the RICO conspiracy of which he was convicted was completed or abandoned over five years before he was indicted. The indictment charged that it continued to 2002, and there is substantial evidence that he was involved in the conspiracy well past 1995.

AFFIRMED.