[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  12-13632
Non-Argument Calendar
_____

D.C. Docket No. 1:06-cr-00255-JEC- 1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOBIAS A. THOMAS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 24, 2013)

Before WILSON, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Tobias Thomas appeals his sentence of 12 months and a day in prison and 12 months of supervised release, which the district court imposed after revoking his previous term of supervised release. Mr. Thomas asserts that the district court erred in imposing this sentence because (1) it was not supported by the court's findings of fact, (2) the court failed to act as a neutral and detached decision-maker, and (3) the sentence is substantively unreasonable.

Mr. Thomas was originally placed on supervised release after serving a prison sentence for possession of counterfeit securities. Under the conditions of his release, Mr. Thomas was required to maintain employment, make monthly restitution payments, and refrain from committing another criminal offense. Less than three months before his three-year term of supervised release was scheduled to end, a warrant was issued for his arrest in an unrelated matter involving an alleged forgery at a hotel (in which Mr. Thomas allegedly attempted to pass himself off as a hotel employee to obtain a room discount). His federal probation officer petitioned for revocation of supervised release based on this warrant and missed restitution payments.

During the revocation proceedings, Mr. Thomas admitted that he presented a false identification card during the hotel incident in question, but argued that his conduct did not amount to forgery under Georgia law. The court found that Mr. Thomas violated the terms of his supervised release by committing a forgery and

2

failing to remain current on his restitution payments.

On appeal, Mr. Thomas objects to three findings of fact by the district court: (1) that he threatened the hotel employee; (2) that he made or knew who made the fraudulent identification card; and (3) that his prior criminal history included various bad acts. He contends that these allegedly unsupported findings negatively affected his sentence. We generally review a district court's findings of fact for clear error, *see United States v. Almand*, 992 F.2d 316, 318 (11th Cir. 1993), but our review of the findings relating to criminal history is limited to plain error because Mr. Thomas did not object to them in the district court. *See United States v. White*, 416 F.3d 1313, 1316 (11th Cir. 2005).[1]

We find no error as to the first two findings of fact. The district court heard testimony directly from the hotel employee regarding the threats made by Mr. Thomas, and was entitled to credit this testimony. *See United States v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994) (per curiam). Additionally, we note that the finding did not appear to affect the district court's sentence. *See* D.E. 44 at 202 ("Mainly what I focus on is not this stray thing of whether he threatened her or not."). As for Mr. Thomas' personal involvement in making the fraudulent card, that finding had no bearing on whether he committed forgery, *see* O.C.G.A. § 16-

---

[1] Although the government argues that Mr. Thomas did not object to any of these factual findings in the district court, the record indicates he did argue that the hotel employee's testimony was not credible, *see* D.E. 44 at 154–59, and that there was no record evidence indicating that Mr. Thomas made, or knew who made, the fraudulent card, *see* D.E. 44 at 143–44.

9-1(b) (forgery requires intent to defraud by a person who "knowingly makes, alters, or possesses" the fraudulent writing), nor did it appear to affect his sentence. The dispositive issue was whether Mr. Thomas had intent to defraud, and the district court specifically found that he did.

Under plain error review, Mr. Thomas must show that there is (1) an error, (2) that is plain, (3) that affected his substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceeding. *See White*, 416 F.3d at 1316. Although the district court appears to have mischaracterized his criminal history, Mr. Thomas is unable to show that his substantial rights were affected, or that the fairness and integrity of the proceeding can be called into question. *See United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005). Nothing in the record indicates a reasonable probability that his sentence would have been different but for these factual errors. *See id.*

Mr. Thomas also contends that he was denied due process because the district court was biased against him. He cites multiple instances during the revocation proceeding in which the district court disparaged his involvement in the hip-hop industry. For example, the court stated that hip-hop is "a culture that is not the best environment for somebody. Often there is a lot of drugs . . . [and] a lot of thuggery." D.E. 44 at 151. Mr. Thomas argues that the district court's view of the hip-hop industry (and his association with it) resulted in a harsher sentence than

4

would otherwise have been imposed. We disagree.

Although Mr. Thomas alleges a constitutional violation, which normally triggers *de novo* review, *see Johansen v. Combustion Eng., Inc.*, 170 F.3d 1320, 1334 (11th Cir. 1999), we review for plain error because Mr. Thomas did not make his due process argument before the district court. *See United States v. Olano*, 507 U.S. 725, 731–37 (1993). We conclude that the district court's statements do not rise to the level of bias constituting plain error. As the Supreme Court has said, "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (analyzing the judicial recusal standard). *See also Brough v. Imperial Sterling Ltd.*, 297 F.3d 1172, 1180–81 (11th Cir. 2002) ("Comments by the trial judge will cause reversal only where the comments 'excite prejudice which would preclude a fair and dispassionate consideration of the evidence.'"). Even if the district court's attitude toward the hip-hop industry originated from an extrajudicial source, such that it might support a finding of bias, *see Liteky*, 510 U.S. at 555, any error did not seriously affect the fairness or integrity of the proceeding.

Finally, Mr. Thomas argues that the district court's sentence was substantively unreasonable. We review substantive reasonableness for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Guided by the

5

factors set forth in 18 U.S.C. § 3553(a), the district court imposed a sentence of 12 months and one day in prison, followed by 12 months of supervised release. This sentence was within the advisory guidelines range, and we ordinarily expect, but do not automatically presume, that such a sentence is reasonable. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). The district court fully discussed Mr. Thomas' personal, criminal, and employment history, and concluded that some prison time and an additional term of supervised released were necessary in light of Mr. Thomas' prior history with fraud. We find no abuse of discretion.

**AFFIRMED.**