# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-31177

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ROY ELBERT CARLTON,

Defendant – Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:12-CR-166-2

Before PRADO, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

A jury convicted Carlton of possessing marijuana while incarcerated in a federal prison, and the district court sentenced him within the calculated guidelines range to 27 months of imprisonment. In determining Carlton's guidelines range at sentencing, the district court applied the enhancements found in U.S.S.G. §§ 2D1.1(b)(4) and 3B1.4. On appeal, Carlton contends that the district court applied these two enhancements in error. Because Carlton

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-31177

waived any challenge to the § 3B1.4 enhancement, and because Carlton attacks the § 2D1.1(b)(4) enhancement on the basis of a mistake in fact that could have been cured by raising a proper objection before the district court at sentencing, we affirm.

I.

The evidence at trial showed that Carlton's minor children and their mother, Whitney Anderson, visited Carlton at his request while he was incarcerated in federal prison. Anderson had concealed several packages of marijuana in the younger child's clothing, as well as in her own, and Carlton retrieved and ingested some of the packages while the child sat in his lap. The jury convicted Carlton of possessing contraband in prison, in violation of 18 U.S.C. § 1791(a)(2).

The presentence report (PSR) recommended that the district court apply the enhancements found in U.S.S.G. §§ 2D1.1(b)(4) (object of the offense was distribution in a prison) and 3B1.4 (use or attempted use of a minor). As to the § 2D1.1(b)(4) object-was-distribution enhancement, the PSR stated that according to the government, Anderson testified at trial that she brought the drugs to Carlton so he could repay a debt to another inmate. Carlton filed objections to the two enhancements, but at sentencing he expressly conceded his objection to the § 3B1.4 use-of-a-minor enhancement.

As to the § 2D1.1(b)(4) enhancement, Carlton argued at the sentencing hearing that the object of the offense could not be distribution in a prison because he had been convicted only of possession (as opposed to providing contraband to another inmate). The government responded that Anderson had testified at trial that Carlton was going to use the marijuana to "pay off some sort of debt in prison." In fact, she did not so testify. Even so, the district court shared the government's recollection of Anderson's testimony and asked Carlton to address it. Carlton's attorney responded that "that's what Ms.

No. 13-31177

Anderson testified to, but besides her testimony, nothing else has been provided to prove that fact . . . ."

The district court ultimately overruled Carlton's objection to the § 2D1.1(b)(4) enhancement, noting that it would have "possibly agree[d]" with Carlton "absent the affirmative testimony from [Anderson] that [the district court] believe[d] was unrebutted." After applying the two above-mentioned enhancements,[1] the district court sentenced Carlton within the calculated guidelines range to 27 months of imprisonment. This appeal followed.

## II.

The district court's factual findings at sentencing are generally reviewed for clear error, *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), while legal determinations regarding the interpretation and application of sentencing guidelines are reviewed *de novo*. *United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999). Waived errors, however, are unreviewable, and forfeited errors are reviewed for plain error. *United States v. Rodriguez*, 602 F.3d 346, 350–51 (5th Cir. 2010). A defendant forfeits an error by failing to timely assert a right; waiver, in contrast, occurs when a defendant intentionally relinquishes a known right. *Id.* at 351.

## III.

### A.

In his objections to the PSR, Carlton argued that the U.S.S.G. § 3B1.4 use-of-a-minor enhancement did not apply because he never took any affirmative action to involve his child in the offense. According to Carlton, it was Anderson who chose to hide the marijuana in the minor child's clothing. At sentencing, however, Carlton expressly conceded his objection to the § 3B1.4

---

[1] The § 2D1.1(b)(4) enhancement was applied via the cross-reference provision found in U.S.S.G. § 2P1.2(c)(1).

3

enhancement.    Thus,  Carlton  waived  any  challenge  to  the  § 3B1.4 enhancement by specifically objecting to the PSR with the same argument he advances  here  on  appeal,  and  then  expressly  withdrawing  that  objection during the sentencing hearing. *Cf. United States v. Arviso–Mata*, 442 F.3d 382, 384 (5th Cir. 2006) (declining to find waiver where there was no evidence "that counsel knew of the sentencing guidelines issue and that he consciously chose to forego it"); *see also United States v. Martinez*, 79 F. App'x 12, 13 (5th Cir. 2003) (per curiam) (holding that a defendant waived an error when he withdrew his objections to the PSR at sentencing).   Waived errors are not reviewable. *Rodriguez*, 602 F.3d at 350.

## B.

Carlton mounts a two-pronged attack on the district court's application of the U.S.S.G. § 2D1.1(b)(4) object-was-distribution enhancement.   First, he argues that because the jury convicted him of *possessing* contraband under 18 U.S.C.  §  1791(a)(2)—rather  than  *providing*  contraband  to  another  inmate under  §  1791(a)(1)—the  district  court  was  precluded  from  finding  that  the "object of the offense was the distribution of a controlled substance in a prison." U.S.S.G.  §  2D1.1(b)(4);  *see  also*  §  2P1.2(c)(1)  (cross-reference  provision directing application of the offense level found in § 2D1.1 "[i]f the object of the offense  was  the  distribution  of  a  controlled  substance").   Carlton's  cramped reading  of  §§  2P1.2(c)(1)  and  2D1.1(b)(4)  does  not  square  with  the  plain language of those provisions, which by their terms do not limit "the offense" to providing  contraband  under  18  U.S.C.  §  1791(a)(1).   We  therefore  reject Carlton's narrow construction of U.S.S.G. §§ 2P1.2(c)(1) and 2D1.1(b)(4).

Carlton next argues that the district court based its application of the § 2D1.1(b)(4) enhancement on a clearly erroneous factual finding; namely, that Anderson testified at trial that Carlton needed the marijuana to repay a debt to  another  inmate.   Because  Carlton  agreed  with  this  characterization  of

No. 13-31177

Anderson's testimony at the sentencing hearing, we will apply plain-error review.  *Cf. United States v. Fernandez–Cusco*, 447 F.3d 382, 384 (5th Cir. 2006) (applying plain-error review "out of an abundance of caution" when the defendant "did more than fail to object to the . . . enhancement").  As the government concedes in its brief and the record unambiguously shows, Anderson never testified that Carlton needed the marijuana to repay a prison debt.  However, the district court's error is a mistake in fact as to what Anderson testified, and the mistake easily could have been cured by bringing it to the district court's attention at sentencing.  Under our precedent, "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error."  *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991) (per curiam); *see also, e.g., United States v. Claiborne*, 676 F.3d 434, 438 (5th Cir. 2012) (per curiam) (applying *Lopez*).  Therefore, Carlton has failed to show that the district court clearly erred in its application of the § 2D1.1(b)(4) enhancement.

IV.

Based on the foregoing discussion, we AFFIRM Carlton's sentence.

5

No. 13-31177

EDWARD C. PRADO, Circuit Judge, specially concurring:

I write separately to reiterate my view that our rule from *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991) (per curiam)—that factual-finding mistakes are not cognizable on plain-error review of a criminal sentence—though binding on this Court, is contrary to the text of Federal Rule of Criminal Procedure 52(b), Supreme Court precedent, and the practice in every other circuit. *See United States v. Claiborne*, 676 F.3d 434, 440 (2012) (Prado, J., concurring) ("[T]he court is correct to apply *Lopez* and foreclose review. Nonetheless, I believe the *Lopez* rule to be inferior and think that our review of [an] unobjected-to enhancement under the Guidelines ought to be for plain error.").

## I.    RULE 52(B) AND THE CASES INTERPRETING IT

Rule 52(b) states: "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Rule 52(b)'s text makes no distinction between factual and legal errors. As I observed in *Claiborne*, the Supreme Court has stated that "[a] rigid and undeviating judicially declared practice under which courts of review would invariably and under all circumstances decline to consider all questions which had not previously been specifically urged would be out of harmony with . . . the rules of fundamental justice." *United States v. Olano*, 507 U.S. 725, 732 (1993) (alterations in original) (internal quotation marks omitted). Indeed, the Supreme Court has more recently reiterated that it eschews a rigid approach to plain-error review. *See Puckett v. United States*, 556 U.S. 129, 142 (2009) ("We have emphasized that a *per se* approach to plain-error review is flawed." (internal quotation marks omitted)). It is unsurprising, then, that Fifth Circuit

6

cases have not consistently followed the *Lopez* rule,[1] and that each of the other circuits reviews these mistakes for plain error.[2]

## II.    APPLICATION IN THIS CASE

The injustice of the *Lopez* rule is illustrated by its application in this case. Here, the trial court clearly erroneously accepted the government's incorrect assertion that Carlton's girlfriend Whitney Anderson testified that Carlton intended to use the marijuana to pay off a debt to another prisoner, and that the government's incorrect assertion was the piece of evidence that tipped the scale in favor of the two-level sentencing enhancement for intent to distribute. Thus, in my view, this "error seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *See Puckett*, 556 U.S. at 135 (internal quotation marks omitted).

## A.    Background

As discussed in the opinion for the Court, the government caught Carlton attempting to smuggle marijuana into federal prison. The Presentence Investigation Report (PSR) stated: "According to the U.S. Attorney's Office, Anderson gave testimony during trial, which indicated that the multiple balloons of marijuana she brought into USP Pollock were intended to be used by the defendant to repay a debt to another inmate."

On appeal, the government concedes in its brief that, "[i]n fact, [Anderson] did not say this at trial." At oral argument, the U.S. Attorney's

---

[1] *Compare United States v. Akinosho*, 285 F. App'x 128, 130 (5th Cir. 2008) (per curiam) (applying *Lopez*), *with United States v. Stevenson*, 97 F. App'x 468, 470 (5th Cir. 2004) (per curiam) (conducting a typical plain-error analysis of a challenge to a factual finding supporting a sentencing enhancement), *and United States v. Huerta*, 182 F.3d 361, 366 (5th Cir. 1999) (same).

[2] *See Claiborne*, 676 F.3d at 442–43 (Prado, J., concurring) (collecting cases).

Office took responsibility for this error, though the government noted the error was "also on the court."[3]

Based on this erroneous information, the PSR recommended a two-level increase to Carlton's offense level under U.S.S.G. § 2D1.1(b)(4) because "the object of the offense was the distribution of a controlled substance in a prison."

At sentencing, Carlton did not object *to the facts* contained in the PSR. At the hearing, Carlton's defense lawyer appeared to accept the fact that Anderson had testified to that effect as he argued there was no legal basis for the enhancement: "Just – I mean, based simply on her testimony of what he was going to do with it, I don't think that's enough to say that he was going to distribute it. At the hearing, the government doubled down on the statement in the PSR and stated that "Ms. Anderson testified" at trial "that the intent of the narcotics was to go to pay off some sort of debt in prison."

The district court overruled Carlton's objection primarily because of its erroneous belief that Anderson's testimony came in and was unrebutted. The court explained: "Well, I appreciate the argument and *I would possibly agree with* [*Carlton*] *absent the affirmative testimony from that witness that I believe was unrebutted.* I didn't hear—I don't recall any rebuttal at the trial of that particular testimony. It's also documented in the presentence investigation report." (emphasis added). Without the sentencing enhancement, Carlton's recommended guidelines range would have been eighteen-to-twenty-four months; whereas, Carlton's range with the enhancement was twenty-four-to-thirty months, and he received a twenty-seven-month sentence.

---

[3] Specifically, the attorney for the government stated at oral argument: "I believe the error was on the government; I'm not going to blame the probation officer."

No. 13-31177

## B.    Discussion

Though we properly apply *Lopez* under our rule of orderliness, here as in *Claiborne*, our failure to review Carlton's claim may deprive Carlton of months of liberty because, in my opinion, the district court committed plain error. The injustice in this case is magnified because, by its own admission, the government introduced the error.

The government concedes the first three prongs of plain error. The only issue is therefore whether the fourth prong is met, and in my view it is. *See Puckett*, 556 U.S. at 135 ("[I]f the [first] three prongs are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" (quoting *Olano*, 507 U.S. at 736)).

A sentencing "error seriously affects the fairness, integrity, or public reputation of judicial proceedings, particularly when the disparity between the Guidelines' range applied by the district court and the correctly calculated range is *significant*." *United States v. John*, 597 F.3d 263, 285–86 (5th Cir. 2010) (emphasis added). The two-level disparity between Carlton's sentence and the sentence that he would have received absent the clear error is "significant" within the meaning of Fifth Circuit case law. *See United States v. Mudekunye*, 646 F.3d 281, 286, 291 (5th Cir. 2011) (per curiam) (holding a two-level sentencing discrepancy was plain error because "[t]he substantial disparity between the imposed sentence and the applicable Guidelines range warrants the exercise of our discretion to correct the error").[4]

---

[4] The government's argument that the error was invited by the defendant is unavailing. The record demonstrates that the erroneous fact that infected Carlton's sentencing—that Anderson testified that Carlton would use the marijuana to pay a debt— originated from the government and not from Carlton, as the government conceded at oral

No. 13-31177

The error seriously affects the fairness, integrity, or public reputation of the judicial proceedings for the additional reason that it was introduced by the government and allowed to go uncorrected, even after prompting by the district court. The judge was uncertain whether Anderson's testimony was rebutted, and he asked the Assistant U.S. Attorney whether he had a recollection of this testimony being rebutted. The Assistant U.S. Attorney responded: "No, I don't."

## III. CONCLUSION

Therefore, absent *Lopez*, I would vacate Carlton's sentence and remand for resentencing. The trial court could then consider whether this error was in fact introduced by the government and, if so, under what circumstances. If the totality of the evidence nonetheless supported the enhancement for intent to distribute without Anderson's supposed testimony, then the district court would be free to reinstate Carlton's original sentence with the two-level enhancement. But if not, Carlton would get several months of his life back.

Taken to its logical extreme, the application of *Lopez* to this case demonstrates the fundamental injustice of the *Lopez* rule. Under *Lopez*, the government could fabricate a fact that then ends up in a PSR. If an overworked appointed defense lawyer does not notice and object, and if the district court

---

argument. The PSR unequivocally states that the probation officer believed this because the U.S. Attorney's Office told her so.

The government's reliance on our unpublished decision in *United States v. Moreno*, 245 F. App'x 399 (5th Cir. 2007) (per curiam) is similarly misplaced. The issue in *Moreno* was waiver on appeal, not plain error. In *Moreno*, the defendant's sentence was enhanced under U.S.S.G. § 4B1.4(a) because the district court determined he was a career criminal. *Id.* at 402. Moreno did not raise this issue in his original appeal. *Id.* at 401–02. Thus, this Court reviewed his second appeal in the wake of *Booker* for manifest injustice, not plain error: "Because this issue was not raised in Moreno's original appeal," the court explained, "it is barred under the mandate rule unless . . . the district's court's ruling was clearly erroneous and will result in a manifest injustice." *Id.* at 402. Thus, *Moreno* is inapposite.

10

No. 13-31177

imposes an enhancement based on this fiction, this Court of Appeals is powerless to correct it. I do not read Rule 52(b), or the Supreme Court cases interpreting it, this way, and neither do our sister circuits. Although we apply the correct rule under our rule of orderliness, I write separately to again respectfully suggest that the rule applied is a bad one.