*347 PER CURIAM: *
A jury convicted Carlton of possessing marijuana while incarcerated in a federal prison, and the district court sentenced him within the calculated guidelines range to 27 months of imprisonment. In determining Carlton’s guidelines range at sentencing, the district court applied the enhancements found in U.S.S.G. §§ 2Dl.l(b)(4) and 3B1.4. On appeal, Carlton contends that the district court applied these two enhancements in error. Because Carlton waived any challenge to the § 3B1.4 enhancement, and because Carlton attacks the § 2Dl.l(b)(4) enhancement on the basis of a mistake in fact that could have been cured by raising a proper objection before the district court at sentencing, we affirm.
I.
The evidence at trial showed that Carlton’s minor children and their mother, Whitney Anderson, visited Carlton at his request while he was incarcerated in federal prison. Anderson had concealed several packages of marijuana in the younger child’s clothing, as well as in her own, and Carlton retrieved and ingested some of the packages while the child sat in his lap. The jury convicted Carlton of possessing contraband in prison, in violation of 18 U.S.C. § 1791(a)(2).
The presentence report (PSR) reeom-' mended that the district court apply the enhancements found in U.S.S.G. §§ 2Dl.l(b)(4) (object of the offense was distribution in a prison) and 3B1.4 (use or attempted use of a minor). As to the § 2Dl.l(b)(4) object-was-distribution enhancement, the PSR stated that according to the government, Anderson testified at trial that she brought the drugs to Carlton so he could repay a debt to another inmate. Carlton filed objections to the two enhancements, but at sentencing he expressly conceded his objection to the § 3B1.4 use-of-a-minor enhancement.
As to the § 2Dl.l(b)(4) enhancement, Carlton argued at the sentencing hearing that the object of the offense could not be distribution in a prison because he had been convicted only of possession (as opposed to providing contraband to another inmate). The government responded that Anderson had testified at trial that Carlton was going to use the marijuana to “pay off some sort of debt in prison.” In fact, she did not so testify. Even so, the district court shared the government’s recollection of Anderson’s testimony and asked Carlton to address it. Carlton’s attorney responded that “that’s what Ms. Anderson testified to, but besides her testimony, nothing else has been provided to prove that fact....”
The district court ultimately overruled Carlton’s objection to the § 2Dl.l(b)(4) enhancement, noting that it would have “possibly agree[d]” with Carlton “absent the affirmative testimony from [Anderson] that [the district court] believe[d] was un-rebutted.” After applying the two above-mentioned enhancements,[1] the district court sentenced Carlton within the calculated guidelines range to 27 months of imprisonment. This appeal followed.
II.
The district court’s factual findings at sentencing are generally reviewed for clear error, United States v. Evans, 587 *348 F.3d 667, 672 (5th Cir.2009), while legal determinations regarding the interpretation and application of sentencing guidelines are reviewed de novo. United States v. Mueller, 168 F.3d 186, 189 (5th Cir.1999). Waived errors, however, are unre-viewable, and forfeited errors are reviewed for plain error. United States v. Rodriguez, 602 F.3d 346, 350-51 (5th Cir.2010). A defendant forfeits an error by failing to timely assert a right; waiver, in contrast, occurs when a defendant intentionally relinquishes a known right. Id. at 351.
III.
A.
In his objections to the PSR, Carlton argued that the U.S.S.G. § 3B1.4 use-of-a-minor enhancement did not apply because he never took any affirmative action to involve his child in the offense. According to Carlton, it was Anderson who chose to hide the marijuana in the minor child’s clothing. At sentencing, however, Carlton expressly conceded his objection to the § 3B1.4 enhancement. Thus, Carlton waived any challenge to the § 3B1.4 enhancement by specifically objecting to the PSR with the same argument he advances here on appeal, and then expressly withdrawing that objection during the sentencing hearing. Cf. United States v. Arviso— Mata, 442 F.3d 382, 384 (5th Cir.2006) (declining to find waiver where there was no evidence “that counsel knew of the sentencing guidelines issue and that he consciously chose to forego it”); see also United States v. Martinez, 79 Fed.Appx. 12, 13 (5th Cir.2003) (per curiam) (holding that a defendant waived an error when he withdrew his objections to the PSR at sentencing). Waived errors are not renewable. Rodriguez, 602 F.3d at 350.
B.
Carlton mounts a two-pronged attack on the district court’s application of the U.S.S.G. § 2D1.1(b)(4) object-was-distribution enhancement. First, he argues that because the jury convicted him of possessing contraband under 18 U.S.C. § 1791(a)(2)—rather than providing contraband to another inmate under § 1791(a)(1)—the district court was precluded from finding that the “object of the offense was the distribution of a controlled substance in a prison.” U.S.S.G. § 2D1.1(b)(4); see also § 2P1.2(e)(1) (cross-reference provision directing application of the offense level found in § 2D1.1 “[i]f the object of the offense was the distribution of a controlled substance”). Carlton’s cramped reading of §§ 2P1.2(c)(1) and 2D1.1(b)(4) does not square with the plain language of those provisions, which by their terms do not limit “the offense” to providing contraband under 18 U.S.C. § 1791(a)(1). We therefore reject Carlton’s narrow construction of U.S.S.G. §§ 2P1.2(c)(1) and 2D1.1(b)(4).
Carlton next argues that the district court based its application of the § 2Dl.l(b)(4) enhancement on a clearly erroneous factual finding; namely, that Anderson testified at trial that Carlton needed the marijuana to repay a debt to another inmate. Because Carlton agreed with this characterization of Anderson’s testimony at the sentencing hearing, we will apply plain-error review. Cf. United States v. Fernandez—Cusco, 447 F.3d 382, 384 (5th Cir.2006) (applying plain-error review “out of an abundance of caution” when the defendant “did more than fail to object to the ... enhancement”). As the government concedes in its brief and the record unambiguously shows, Anderson never testified that Carlton needed the marijuana to repay a prison debt. However, the district court’s error is a mistake in *349 fact as to what Anderson testified, and the mistake easily could have been cured by bringing it to the district court’s attention at sentencing. Under our precedent, “[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error.” United States v. Lopez, 923 F.2d 47, 50 (5th Cir.1991) (per curiam); see also, e.g., United States v. Claiborne, 676 F.3d 434, 438 (5th Cir.2012) (per curiam) (applying Lopez). Therefore, Carlton has failed to show that the district court clearly erred in its application of the § 2Dl.l(b)(4) enhancement.
IV.
Based on the foregoing discussion, we AFFIRM Carlton’s sentence.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. The § 2D 1.1 (b)(4) enhancement was applied via the cross-reference provision found in U.S.S.G. § 2P1.2(c)(1).