# SUPREME COURT OF THE UNITED STATES

## ROY ELBERT CARLTON *v.* UNITED STATES

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

No.14–8740.   Decided June 22, 2015

The petition for a writ of certiorari is denied.

Statement of JUSTICE SOTOMAYOR, with whom JUSTICE BREYER joins, respecting the denial of certiorari.

The District Court enhanced petitioner Roy Carlton's sentence based on a factual inaccuracy introduced into the sentencing record by the Government. The United States Court of Appeals for the Fifth Circuit refused to review Carlton's appellate challenge to the enhancement, relying on Circuit precedent holding that factual errors are never cognizable on plain-error review. For the reasons that follow, I believe the Fifth Circuit's precedent is misguided.

Carlton was convicted by a jury of possessing marijuana while incarcerated. The Probation Office prepared a presentence report recommending a two-level enhancement of Carlton's base offense level because the ultimate aim of his crime was the distribution of a controlled substance in a prison. See United States Sentencing Commission, Guidelines Manual §2D1.1(b)(4) (Nov. 2014). The foundation for this enhancement was the Government's representation that Carlton's girlfriend, Whitney Anderson, had testified at trial that Carlton intended to use the marijuana to pay off a debt owed to another inmate. In fact, Anderson said no such thing. The Government nevertheless repeated its faulty assertion at sentencing, and the District Court, which shared a similar misimpression of Anderson's testimony, imposed the enhancement and sentenced Carlton to 27 months' imprisonment.

Carlton challenged the sentencing enhancement before

the Fifth Circuit, citing the inaccuracy regarding Anderson's testimony.  The Government conceded its error, but the Fifth Circuit rejected Carlton's claim anyway.  593 Fed. Appx. 346 (2014) (*per curiam*).  In light of defense counsel's failure to object at sentencing to the Government's characterization of the record, the court reviewed Carlton's argument under the plain-error standard.  *Id.,* at 348.  The Fifth Circuit acknowledged that the record "unambiguously" showed "Anderson never testified that Carlton needed the marijuana to repay a prison debt," and that the District Court had therefore erred in supporting the enhancement with her imagined statement.  *Ibid.*  The court explained, however, that the District Court's mistake was a mistake of fact.  And under the Fifth Circuit's decision in *United States* v. *Lopez*, 923 F. 2d 47 (1991) (*per curiam*), such a factual error "'can never constitute plain error'" because it "could have been cured by bringing it to the district court's attention at sentencing."  593 Fed. Appx*.,* at 349 (quoting *Lopez*, 923 F. 2d, at 50).

Judge Prado issued a concurring opinion.  Although he agreed that *Lopez* controlled Carlton's case, Judge Prado wrote separately to reiterate his view that *Lopez* was wrongly decided.  593 Fed. Appx., at 349–352 (specially concurring opinion).

I agree with Judge Prado.  This Court has long held that "[i]n exceptional circumstances, especially in criminal cases, appellate courts . . . may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings."  *United States* v. *Atkinson*, 297 U. S. 157, 160 (1936).  The doctrine of plain error follows from the recognition that a "rigid and undeviating judicially declared practice under which courts of review would invariably and under all circumstances decline to consider all questions which had not previously been specifically urged

would be out of harmony with . . . the rules of fundamental justice." *United States* v. *Olano*, 507 U. S. 725, 732 (1993) (internal quotation marks omitted). And in all the years since the doctrine arose, we have never suggested that plain-error review should apply differently depending on whether a mistake is characterized as one of fact or one of law. To the contrary, "[w]e have emphasized that a *per se* approach to plain-error review is flawed." *Puckett* v. *United States*, 556 U. S. 129, 142 (2009) (internal quotation marks omitted). The Fifth Circuit's wooden rule that factual mistakes cannot constitute plain error runs counter to these teachings.

Federal Rule of Criminal Procedure 52(b), which codifies the common-law plain-error rule, similarly draws no distinction between factual errors and legal errors. It states: "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Not "a plain *legal* error," or "a plain error *other than a factual error*"; all plain errors fall within the Rule's ambit. Courts must apply the Federal Rules as they are written, see *Leatherman* v. *Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U. S. 163, 168 (1993), and no basis is apparent for reading into Rule 52(b) an exception for factual errors.

Given its inconsistency with the governing text and longstanding precedent, it is little wonder that no other court of appeals has adopted the *per se* rule outlined by the Fifth Circuit in *Lopez*.1* This lack of uniformity can

―――――――

*See, *e.g., United States* v. *Thomas*, 518 Fed. Appx. 610, 612–613 (CA11 2013) (*per curiam*) (applying plain-error review to asserted factual error); *United States* v. *Griffiths*, 504 Fed. Appx. 122, 126–127 (CA3 2012) (same); *United States* v. *Durham*, 645 F. 3d 883, 899–900 (CA7 2011) (same); *United States* v. *Sahakian*, 446 Fed. Appx. 861, 863 (CA9 2011) (same); *United States* v. *Romeo*, 385 Fed. Appx. 45, 50 (CA2 2010) (same); *United States* v. *Gonzalez-Castillo*, 562 F. 3d 80, 83–84 (CA1 2009) (same); *United States* v. *Sargent*, 19 Fed. Appx. 268 (CA6

have important consequences for criminal defendants. Indeed, Carlton's case illustrates the potential inequity caused by the Fifth Circuit's outlier position on plain error: All agree the District Court improperly relied on testimony Anderson never gave. But in the Fifth Circuit—and only the Fifth Circuit—that mistake cannot be reviewed and possibly corrected. As a result, Carlton may spend several additional months in jail simply because he was sentenced in Alexandria, Louisiana, instead of Alexandria, Virginia.

For all these reasons, I conclude that *Lopez*'s categorical rule is unjustified. Nevertheless, I reluctantly agree with the Court's decision to deny certiorari in this case. The Solicitor General informs us that the Fifth Circuit is at times inconsistent in its adherence to *Lopez*. Compare *United States* v. *Akinosho*, 285 Fed. Appx. 128, 130 (2008) (*per curiam*) (applying *Lopez*), with *United States* v. *Stevenson*, 97 Fed. Appx. 468, 470 (2004) (*per curiam*) (ignoring *Lopez*); see also *United States* v. *Rodriguez*, 15 F. 3d 408, 416, n. 10 (1994) (questioning whether *Lopez* survived this Court's decision in *Olano*). When that sort of internal division exists, the ordinary course of action is to allow the court of appeals the first opportunity to resolve the disagreement. I hope the Fifth Circuit will use that opportunity to rethink its approach to plain-error review.

_____

2001) (*per curiam*) (same); *United States* v. *Wells*, 163 F. 3d 889, 900 (CA4 1998) (same); *United States* v. *Saro*, 24 F. 3d 283, 291 (CADC 1994) (same). Of the remaining Courts of Appeals, it appears that only the Tenth Circuit has articulated a rule for unraised factual errors anything like the Fifth Circuit's. See *United States* v. *Overholt*, 307 F. 3d 1231, 1253 (2002) (where defendant "fail[s] to raise his factual challenge at sentencing" court will "consider the issue waived and will not find plain error"). But even the Tenth Circuit's rule is subject to an exception in cases, like this one, where "the appellant can establish the certainty of a favorable finding on remand." *United States* v. *Dunbar*, 718 F. 3d 1268, 1280 (CA10 2013) (internal quotation marks omitted).