EDWARD C. PRADO, Circuit Judge,
specially concurring:
While I acknowledge that our rule prohibiting plain error review of mistaken factual findings from United States v. Lopez, 923 F.2d 47, 50 (5th Cir.1991) (per curiam), controls in this case, I write separately to restate my opposition to this Court’s continued use of an inconsistently applied rule that I believe runs afoul of Federal Rule of Criminal Procedure 52(b) and Supreme Court precedent. See United States v. Carlton, 593 Fed.Appx. 346, 349 nn. 1-2 (5th Cir.2014) (per curiam) (Prado, J., concurring), cert. denied — U.S. -, 135 S.Ct. 2399, 192 L.Ed.2d 911 (2015); United States v. Claiborne, 676 F.3d 434, 440-42 (5th Cir.2012) (Prado, J., concurring). As I have noted previously, the Lopez rule places our case law out of step with all other circuits and leads to unjust results. Carlton, 593 Fed.Appx. at 349-51 (Prado, J., concurring); Claiborne, 676 F.3d at 442-44 (Prado, J., concurring). In denying a petition for certiorari on this very issue, Justice Sotomayor articulated the problem with our continued use of the Lopez rule and called on this Court to reevaluate our precedent. See Carlton, 135 S.Ct. at 2399-401 (Sotomayor, J., statement respecting the denial of certiorari) (“Given its inconsistency with the governing text and longstanding precedent, it is little wonder that no other court of appeals has adopted the per se rule outlined by the Fifth Circuit in Lopez.... I hope the Fifth Circuit will ... rethink its approach to plain-error review”). While I leave open the question of whether application of Lopez leads to an unjust result in the instant suit, it is my hope that, in time, this Court will agree that the Lopez rule should be abandoned.